IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40290
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERICK BROOKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CR-24-2

_____

November 7, 2001

Before GARWOOD, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Erick Brooks appeals the district court's denial of his motion
to suppress evidence (narcotics and incriminating statements)
obtained during a warrantless search of the car rented by Brooks
and in which he was a passenger.  He contends that the driver
committed no traffic violation justifying the stop by the police.
He contends that the search of the car exceeded the permissible

_____

   [*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

scope of a traffic stop.

Brooks has not shown that the district court clearly erred in finding that the initial stop was justified, based on the officer's testimony that the car was being operated "erratically" and in an "unsafe manner." Further, Brooks has not shown that, viewing the evidence in the reasonable light most favorable to the government, the prevailing party below, there is any error in the district court's determination that the subsequent detention was brief and did not exceed the reason for the valid stop. *See United States v. Kelley*, 981 F.2d 1464, 1467 (5th Cir. 1993) (analyzing traffic stop under "reasonable suspicion" warrantless search exception articulated in *Terry v. Ohio*, 392 U.S. 1 (1968)). Because the officer asked and received voluntary consent to search the vehicle during the scope of the valid traffic stop, *United States v. Dortch*, 199 F.3d 193 (5th Cir. 1999), and *United States v. Jones*, 234 F.3d 234 (5th Cir. 2000), are inapposite.

AFFIRMED.